# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF MINNESOTA, | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) ) |
| ALLTEL CORPORATION and MIDWEST WIRELESS HOLDINGS L.L.C. | ) ) ) |
| *Defendants.* | ) ) ) |

**ORDER ON PETITION OF PLAINTIFFS FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT ALLTEL CORPORATION SHOULD NOT BE FOUND IN CIVIL CONTEMPT**

**Case No. 06-3631 (RHK/AJB)**

WHEREAS Plaintiffs having filed their Petition for an Order to Show Cause Why Defendant ALLTEL Corporation Should Not Be Found in Civil Contempt ("Petition to Show Cause") on December 3, 2007, and Plaintiffs and Defendant ALLTEL Corporation ("ALLTEL"), having consented to the entry of this Order on Petition of Plaintiffs for an Order to Show Cause Why Defendant ALLTEL Corporation Should Not Be Found in Civil Contempt ("Order") without trial or adjudication of any issue of fact or law herein, and without this Order constituting any evidence against or an admission by ALLTEL with respect to any allegation contained in the Petition To Show Cause;

AND WHEREAS ALLTEL agrees to be bound by the provisions of this Order pending its approval by the Court;

NOW, THEREFORE, before the taking of any testimony and without trial or adjudication of any issue of fact or law herein, and upon the consent of the parties hereto, it

is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I.
## JURISDICTION

This Court has jurisdiction over the subject matter of this action and each of the parties consenting hereto under its inherent powers to enforce orders and Section XII of the Final Judgment entered by this Court on January 8, 2007, in *United States v. ALLTEL Corp. and Midwest Wireless Holdings*, Civ. No. 0:06-cv-03631 (D. Minn.).

## II.
## APPLICABILITY AND EFFECT

A. The provisions of this Order shall be binding upon ALLTEL, its subsidiaries, successors and assigns, and those persons in active concert or participation with ALLTEL who receive actual notice of this Order.

B. This Order constitutes a full and complete disposition of ALLTEL's alleged violations of Sections V.C.4, VI.B.2, and VI.F of the Preservation of Assets Order entered by this Court on September 8, 2006, and Section VIII of the Final Judgment entered by this Court on January 8, 2007, as described in the Petition to Show Cause.

C. Nothing in this Order shall bar the United States or the State of Minnesota from seeking, or the Court from imposing on ALLTEL, any other relief available under any applicable provision of law for any violation of the Preservation of Assets Order, Final Judgment, or this Order, other than the violations of Sections V.C.4, VI.B.2, and VI.F of the Preservation of Assets Order and Section VIII of the Final Judgment, as alleged in the Petition to Show Cause.

## III.
## CIVIL PAYMENT

A. Within thirty (30) days of entry of this Order, ALLTEL shall pay $580,000 to the United States and $745,000 to the Minnesota Attorney General's Office, State of Minnesota, which includes reimbursement to the United States and the State of Minnesota for their investigation of the violations alleged in the Petition to Show Cause.

B. The payment to the United States specified in Paragraph III.A shall be made by wire transfer or cashier's check. If the payment is to be made by wire transfer, ALLTEL first must contact the Antitrust Division's Antitrust Documents Group at (202) 514-2481 for instructions. If payment is to be made by cashier's check, ALLTEL shall make the check payable to the United States Department of Justice and delivered to:

>  Janie Ingalls
>  Antitrust Division
>  United States Department of Justice
>  325 7th Street, NW
>  Suite 200
>  Washington, D.C.  20530

for transmission to the U.S. general treasury.

C. The payment to the Minnesota Attorney General's Office, State of Minnesota specified in Paragraph III.A shall be made by cashier's check made payable to Minnesota Attorney General's Office and delivered to:

>  Rebecca Spartz
>  Administrative Services
>  Minnesota Attorney General's Office
>  102 Capitol
>  St. Paul, MN 55155

D.  In the event of a default in payment, interest at the rate of eighteen (18) percent per annum shall accrue thereon from the date of default to the date of payment.

E.  ALLTEL shall not claim this payment, in whole or in part, as a deductible expense by ALLTEL, its subsidiaries, divisions or affiliates for tax purposes under any state tax code, the United States Tax Code, or the tax code of any other country.

## IV.
## RETENTION OF JURISDICTION

Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Order to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Order, for the enforcement of compliance herewith, and for the punishment of any violations hereof.

**Date:**  **12/4/07**

s/Richard H. Kyle
**United States District Judge**